# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXUS DISPLAY TECHNOLOGIES LLC, <br> Plaintiff, <br> v. <br> DELL INC., <br> Defendant. | Case No. 15-mc-80241-KAW <br><br> **ORDER TRANSFERRING MOTION TO COMPEL TO THE EASTERN DISTRICT OF TEXAS; ORDER VACATING NOVEMBER 19, 2015 HEARING** <br><br> Re: Dkt. No. 1, 14, 16 |

On September 24, 2015, Defendant Dell Inc. filed a motion to compel further deposition testimony, pursuant to a subpoena, from nonparty Silicon Image Inc.'s Rule 30(b)(6) deponent. Discovery in the underlying case closed on September 7, 2015. *See* 11/2/15 Order, Nexus Display Technologies LLC v. Dell Inc., et al., No. 2:14-cv-00762-RWS (E.D. Tex. Nov. 2, 2015), ECF No. 281. On November 2, 2015, the issuing court denied Dell's motion for leave to file a motion to compel the production of documents from Plaintiff Nexus Display Technologies, LLC ("NDT"), finding that Dell was not diligent because it had ample time to file a motion to compel before the close of discovery. *Id.* at 3-4.

Upon review of the moving papers, and Silicon Image's notice of court order in the related case, and for the reasons set forth below, the Court VACATES the November 19, 2015 hearing on Dell's pending motion to compel and TRANSFERS sua sponte the motion to compel (Dkt. No. 1), and the related administrative motions to file under seal (Dkt. Nos. 14 & 16), to the Eastern District of Texas for resolution pursuant to Federal Rule of Civil Procedure 45(f).

## I. LEGAL STANDARD

Subpoenas are governed by Federal Rule of Civil Procedure 45. The subpoena must state the place where compliance is required, which must be within 100 miles of where the subpoenaed party resides, is employed, or regularly transacts business in person. Fed. R. Civ. P.

45(a)(1)(A)(iii), (c)(2)(A). Rule 45 was substantially amended in 2013. As amended, a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court where compliance with the subpoena is required. Fed. R. Civ. P. 45(a)(2), (d)(3)(A).

Subsection (f) is new, and permits the court where compliance is required to transfer a motion regarding the subpoena to the court that issued it "if the person subject to the subpoena consents or the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). If the nonparty has not consented to transfer, exceptional circumstances must exist. The Advisory Committee notes provide some guidance as to when exceptional circumstances may be found:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) Advisory Committee's Note (2013). Should the motion be transferred, the issuing court may later transfer the order to the court where the motion was made for the purposes of enforcement. Fed. R. Civ. P. 45(f).

## II. DISCUSSION

Nonparty Silicon Image Inc. has not consented to the transfer of this motion under Rule 45(f). Thus, exceptional circumstances must be found to support the transfer. The 2013 Advisory Notes provide that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion . . . ." Fed. R. Civ. P. 45.

In its November 2, 2015 order, the issuing court denied Dell's motion for leave to file a motion to compel, because "the deadline to complete discovery and file any necessary motions to compel was September 7, 2015." 11/2/15 Order, Nexus Display Technologies LLC v. Dell Inc., et

al., No. 2:14-cv-00762-RWS (E.D. Tex. Nov. 2, 2015), ECF No. 281 at 3. Specifically, the issuing court found that Dell was not diligent in filing a motion to compel because, at the very latest, it became aware of the discovery dispute 10 days before the close of discovery. *Id.* at 3-4. Here, Dell's motion to compel further testimony concerns the same deposition cited in the issuing court's order, which occurred on August 27, 2015. *Id.* at 3. Thus, not only is the issuing court in a superior position to resolve the subpoena-related motion, the issuing court has already ruled on issues presented in the moving papers, and any order by the undersigned risks contradicting the issuing court's prior orders. Further, dispositive motions are due in the underlying case by November 6, 2015 and a pretrial conference is set for December 3, 2015, such that ruling on the motion to compel would risk disrupting the issuing court's management of the underlying litigation. *See id.*; *see Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 430 (N.D. Cal. July 10, 2014). These concerns significantly outweigh nonparty Silicon Image's interest in obtaining a local resolution.[1]

Moreover, while Dell filed the instant motion to compel two weeks after the close of discovery, it does not appear to have obtained leave to do so from the court that issued the subpoena. *See generally* Civil Docket, Nexus Display Technologies LLC v. Dell Inc., et al., No. 2:14-cv-00762-RWS (E.D. Tex.). Thus, the undersigned declines to alter the deadlines in the underlying action.

In light of the foregoing, the Court finds that exceptional circumstances exist such that transfer is permitted under Rule 45(f).

### III. CONCLUSION

For the reasons set forth above, the Court finds that exceptional circumstances exist to transfer Dell's motion to compel, and the related motions to seal, to the Eastern District of Texas. Any burden on Silicon Image is outweighed by the importance of ensuring consistency in rulings on the issues involved, preserving judicial economy, and permitting the court with the most

---

[1] The undersigned notes that Silicon Image has retained the same Texas-based counsel for the purposes of this litigation as Plaintiff NDT, so any burden on Silicon Image resulting from the transfer is minimal.

3

1 experience and knowledge of the facts to rule on these matters.

2 Accordingly, the Clerk of the Court is directed to TRANSFER Dell's pending motion to compel (Dkt. No. 1), and the related administrative motions to file under seal (Dkt. Nos. 14 & 16), to the Eastern District of Texas for resolution in the pending matter of *Nexus Display Technologies LLC v. Dell Inc., et al.*, No. 2:14-cv-00762-RWS.

The motion hearing scheduled for November 19, 2015 is VACATED. This order terminates Docket Nos. 1, 14, and 16.

IT IS SO ORDERED.

Dated: November 5, 2015

KANDIS A. WESTMORE
United States Magistrate Judge